IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE M. LEE, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS | § | CIVIL ACTION NO. 4:18-CV-02696 |
| | § | |
| BDFI, LLC, ALI CHOUDHRI AND JETALL COMPANIES, INC., | § | |
| | § | |
| DEFENDANTS. | § | |

## NOTICE OF REMOVAL

1.      Pursuant to 28 U.S.C. § 1452, Local Rule 81 and Bankruptcy Rule 9027, Defendants, remove this action from the 164th Judicial Court of Harris County, to the United States District Court for the Southern District of Texas, Houston Division. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being filed with the clerk of the 164th Judicial District Court of Harris County, Texas.

2.      Pursuant to Bankruptcy Rule 9027, Defendants assert that the removed action is a core bankruptcy proceeding. In the alternative, Defendants consent to final orders or judgment by the Bankruptcy Court.

3.      In support of its removal, Defendants submit this notice. Removal is based on Plaintiff's efforts to interfere with the jurisdiction of the federal bankruptcy court which retained jurisdiction over some or all of the claims raised in Plaintiff's suit in the final orders entered in Cause Number 18-32218, In re Briar Building Houston, LLC in the Southern District of Texas Houston, Division .

4.      Attached are pleadings and materials filed in the state court action being removed.

    a. A copy of Plaintiff, George Lee's original petition in the removed action filed in the 164th Judicial District Court of Harris County, Texas is attached hereto as Exhibit "1."

    b. A copy of the Defendants' Original Answer (Subject to Right to Remove and Subject to Right to Compel Arbitration) is attached hereto as Exhibit "4."

    c. A copy of the complete online docket for the state court action being removed is attached hereto as Exhibit "5."

## FACTUAL BASIS FOR REMOVAL

5.    This case arises from issues already decided by the U.S. Bankruptcy Court for the Southern District of Texas, Houston Division, the Hon. Eduardo V. Rodriguez, presiding, as shown below. It is an impermissible collateral attack on the Bankruptcy Court's May 22, 2018 order granting the debtor's expedited motion to approve a compromise with BDFI, LLC. (Exhibit "D", to Exhibit "1").

6.    On March 27, 2018, Plaintiff's entity, Lee obtained a temporary restraining order in state court to stop the sale at foreclosure of the Property located a 50 Briar Hollow, Houston, Texas 77027. (Exhibit "1," par. 9). The original petition for Lee's first lawsuit in the 151st Judicial District Court of Harris County, Texas, is attached hereto as Exhibit "2." Three of the defendant's in Lee's first suit—BDFI, LLC, Ali Choudhri and Jetall Companies, Inc.—comprise the defendants in the action being removed. (Exhibits "1" and "2"). Furthermore, the claims in the first suit are substantially the same as those in Lee's second suit and arise from the same core facts.

7. Lee then transferred the Property to a limited liability company, Briar Building Houston, LLC ("Briar") that had Lee as its sole member, so that he could put the entity into bankruptcy without risking his personal assets. Briar then filed a Chapter 11 Bankruptcy under Cause Number 18-32218 in the Southern District of Texas Houston, Division.[1]

8. Subsequently, Briar, Lee (individually) and BDFI, LLC entered into a settlement agreement dated May 11, 2018, which was approved by the Bankruptcy Court in an order dated May 22, 2018. (BKR DOC 38; Exhibit "D" to Exhibit "1").  As part of this compromise agreement, Briar was required to transfer the Property back to Lee, who would within 24 hours of the entry of the order to dismiss the bankruptcy case, release a fraudulent Deed of Trust he had placed on the Property and cancel a fraudulent $3.5 million Note issued in conjunction with the lien.  *Id.* At pg. 3, par. 5(f).

9. Immediately after entering the order approving the compromise, the Bankruptcy Court entered an oder dismissing the Bankruptcy. (BKR DOC 39, attached hereto as Exhibit "3").  The Dismissal Order is expressly predicated on "being in the best interests [of the] creditors under 11 USC §§ 105 and 1112(b) **and based on the terms of the Forbearance Agreement**." (Exhibit "3," pg. 1)(emphasis added).  The order mandates that "this Court retains jurisdiction. . . to adjudicate all matter arising from, or relating to, the interpretation, implementing, and/or enforcement of this Order."  (Exhibit "3," pg. 1-2).

10. Now, however, Lee seeks to collaterally attack the compromise authorized by the Court in his state court law suit, alleging that the agreement was obtained by fraud.  Lee makes these allegations despite the fact that the compromise agreement was reviewed by the Bankruptcy Court and found to be acceptable.  Accordingly, Defendants ask the Court to remove

---

[1] Lee incorrectly states in his state court petition at issue here that he filed the Chapter 11 bankruptcy in Cause No. 18-32218 when, in fact, it was filed by his entity, Briar Building Houston, LLC. .

Lee's second law suit to Federal Court so that it may thereafter be transferred to Bankruptcy Court for resolution by the Bankruptcy Judge who approved the compromise.

11. This removal is timely because it is filed within 30 days of service of Defendants, as required by 28 USC § 1446(b).

12. Venue is proper in this division and district. Pursuant to 28 USC §1391, this case may be removed to the United States District Court for the Southern District Court of Texas, Houston Division.

13. Defendants intend to file a motion to transfer this case to the Bankruptcy Court (as soon as reasonably possible) if not previously transferred pursuant to the standing order of reference.

          Respectfully submitted,

          JOYCE + MCFARLAND LLP

          By: /s/Jeff Joyce
          Jeff Joyce
          Texas Bar No. 11035400
          Federal ID No. 10762
          Huma Ali
          Texas Bar No. 24082617
          Federal ID No. 2118747
          712 Main Street, Suite 1500
          Houston, Texas 77002
          Phone 713.222.1113
          jjoyce@jmlawyers.com
          hali@jmlawyers.com

**Certificate Of Service**

I certify that I served a true and correct copy of the attached pleading on all counsel of record on August 6, 2018 as required by the Federal Rules of Civil Procedure.

          /s/ Jeff Joyce
          Jeff Joyce